**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-00338-01-CR-W-RK |
| | ) | |
| PHILIP A. LEVOTA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LEVOTA'S MOTION TO DISMISS**
**COUNTS THREE OR FOUR AS MULTIPLICITOUS**
**WITH MEMORANDUM IN SUPPORT**

COMES NOW Defendant Philip Andrew LeVota, by and through undersigned counsel pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) and the Fifth and Sixth Amendments to the United States Constitution, moves this Honorable Court for an order dismissing Counts Three or Four as multiplicitous, because the indictment charges one alleged agreement as if it were two separate offenses. Alternatively, the defendant moves this Court to compel the Government to elect among multiplicitous counts upon which it will proceed, and to dismiss the others. In support, defendant states as follows:

## MEMORANDUM IN SUPPORT

### Summary of the Argument

It is respectfully submitted that Counts Three and Four are multiplicitous. This federal criminal prosecution arises from a single alleged episode. The Government charges that defendant LeVota, while serving as Interim Jackson County Executive, agreed to place a Democratic rival candidate and a colleague in county jobs in exchange for the rival abandoning the 2026 Democratic primary race for County Executive. LeVota moves under Federal Rule of Criminal Procedure

12(b)(3)(B)(ii) and the Fifth and Sixth Amendments to dismiss Counts Three and Four as multiplicitous, because the indictment charges that one alleged agreement as if it were two separate crimes.

Counts Three and Four both charge the identical Travel Act offense, both rest on the use of the same iMessage service to promote the same underlying state-law bribery, and both incorporate the same factual allegations. The only difference between them is the calendar date of the text message — March 26 in Count Three, March 30 in Count Four. Charging two communications within one continuous negotiation as two separate federal felonies impermissibly multiplies a single offense, whether the Court analyzes the counts as a single unit of prosecution, as one continuing course of conduct, or through the rule of lenity.

At a minimum, if not dismissed the Court should require the Government to elect among the multiplicitous counts, give a limiting instruction, or merge them, so that LeVota is not prejudiced by the appearance of multiple offenses prior to jury verdict when, in fact, there is only one offense.

**Factual Allegations**

The indictment alleges that LeVota agreed to appoint INDIVIDUAL 1 to a county directorship position in exchange for INDIVIDUAL 1's agreement to abandon the 2026 election for Jackson County Executive. (Indict. ¶ 6). LeVota had been selected by the Jackson County Legislature on October 13, 2025 to serve as the Interim Jackson County Executive through December 31, 2026. (Indict. ¶ 1). The counts challenged here rest on that one alleged agreement.

Count Two charges federal program bribery under 18 U.S.C. § 666(a)(1)(B). (Indict. ¶ 28). It alleges that LeVota corruptly solicited and accepted a thing of value — the agreement to place INDIVIDUAL 1 and a colleague in full-time county positions in exchange for abandoning 2026 election — "[b]eginning on or about March 26, 2026, and continuing to on or about March 31,

2026," in connection with "business, a transaction, and a series of transactions" of Jackson County. (Indict. ¶ 28).

Counts Three and Four each charge a Travel Act violation under 18 U.S.C. § 1952(a)(3). Count Three alleges that, on or about March 26, 2026, LeVota "used and caused the use of a facility in interstate commerce, namely, the iMessage service via his cellular telephone assigned telephone number (XXX) XXX-0028," with intent to promote "bribery in violation of RSMo. 576.020." (Indict. ¶ 30). Count Four alleges the same use of the same iMessage service on or about March 30, 2026, to promote the same "bribery in violation of RSMo. 576.020[.]" (Indict. ¶ 32). The indictment alleges, for the case as a whole, that Apple iMessage "is a facility in interstate commerce[.]" (Indict. ¶ 24).

The two challenged counts share a single factual core. Each re-alleges and incorporates the identical common paragraphs — paragraphs 1 and 9 through 25 of the indictment. (Indict. ¶¶ 27; 29; 31). Count One, which is not challenged here on this basis, charges honest-services fraud based on the same "scheme and artifice to defraud … through bribery," executed through a March 30, 2026 iMessage. (Indict. ¶¶ 2; 26).

## Legal Standard

A multiplicity challenge tests whether the indictment charges a single offense in more than one count. An indictment "is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005) (citing *United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003)). The "main difficulty" is that "the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." *Id*. Multiple punishments for the same criminal offense are barred by the Double Jeopardy Clause of the Fifth Amendment. *United States v. Hollow Horn*

*Bear*, 144 F.4th 1105, 1109 (8th Cir. 2025). A defendant must raise the challenge in a timely pretrial motion. *Id*.

A separate concern is that a multiplicitous indictment prejudices the defendant's right to a fair trial in that it sets the stage for a compromise verdict (i.e., an acquittal on one count only). Multiplicitous charging suggests to the jury that the defendant committed several crimes. *United States v. Dixon*, 921 F.2d 195, 194-96 (8th Cir. 1989) (multiplicitous indictment charging two contemporaneous counts of possession of cocaine could have suggested to the jury that defendant committed more than one crime.) *See, United States v. Johnson*, 909 F.2d 1517 (D.C. Cir. 1990) (counts charging possession of PCP and possession of PCP-based marijuana both with intent to distribute were multiplicitous). "The vice of this practice is that multiple sentences my result, *or it may suggest to the jury that the defendant committed more than one crime*." (emphasis added.) *United States v. Dixon*, 921 F.2d at 194-96.

The test the Court should apply depends on whether the challenged counts arise under the same statute or different statutes. Where the same statutory provision is charged more than once, the same-elements test does not apply; the question is instead "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *United States v. Christner*, 66 F.3d 922, 931 (8th Cir. 1995); *United States v. Chipps*, 410 F.3d at 447 (citing *Bell v. United States*, 349 U.S. 81, 83–84 (1955). Courts discern the unit of prosecution from the statutory language, history, and scheme, and where Congress has not fixed the unit of prosecution "clearly and without ambiguity," the resulting doubt is resolved in favor of lenity for the defendant. *Chipps,* 410 F.3d. at 448 (quoting *Bell v. United States*, 349 U.S. 81, 83–84 (1955)). Where counts arise under different statutes, the *Blockburger* test governs: two provisions charge separate offenses only if "each provision requires proof of a fact which the other does not." *Blockburger v. United States*,

284 U.S. 299, 304 (1932); *United States v. Mann*, 701 F.3d 274, 296 (8th Cir. 2012) (indictment charging possession of an unregistered machinegun and possession of a machinegun multiplicitous because neither count required proof the other count did not). Even then, statutes reaching the same offense "are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

When a pretrial multiplicity challenge has merit, the district court has a range of remedies within its discretion: it "has discretion to require the government to elect between multiple counts of an indictment," it may give "an appropriate instruction to the jury" permitting conviction on only one such count, and, upon conviction on multiplicitous counts, "the proper remedy … is merger of the counts into one count." *United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008); *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005).

## ARGUMENT

The Government has charged a single alleged bribery as two overlapping counts. Counts Three and Four are the identical Travel Act offense distinguished only by the date of the iMessage. (Indict. ¶¶ 27; ¶ 30; ¶ 32). The two Travel Act counts charge a single unit of prosecution, and, therefore, are multiplicitous. Should the Court find multiplicity but decline to dismiss, the recognized remedy of election is available as an alternative.

### I. Counts Three and Four Charge a Single Travel Act Offense and Are Multiplicitous.

Counts Three and Four are, on their face, the same offense charged twice. Each alleges a violation of 18 U.S.C. § 1952(a)(3), each rests on use of the same iMessage service to promote the same "bribery in violation of RSMo. 576.020," and each incorporates the identical factual paragraphs; only the date of the charged message differs. (Indict. ¶¶ 29, 31; and Indict. ¶¶ 30, 32).

Three independent grounds show the two counts charge one unit of prosecution and that one must be dismissed.

### A. The Two iMessages Constitute a Single Travel Act Unit of Prosecution.

Because Counts Three and Four charge the same statutory provision twice, the question is not whether each count requires proof the other does not, but the "unit of prosecution" Congress intended to punish. *United States v. Chipps*, 410 F.3d at 447 (citing *Bell v. United States*, 349 U.S. 81, 83–84 (1955). The *Blockburger* same-elements test has no role in that inquiry; where "the double jeopardy challenge focuses on separate punishments or prosecutions for separate acts allegedly violating the same statutory provision," the issue "is one of statutory intent." *United States v. Christner*, 66 F.3d 922, 931 (8th Cir. 1995) (citing *United States v. Bennett*, 44 F.3d 1364, 1372 (8th Cir. 1995)). The unit of prosecution "is the aspect of criminal activity that Congress intended to punish," discerned from the statute's language, history, and scheme. *United States v. Chipps*, 410 F.3d at 448.

The Eighth Circuit treats acts that form a single episode as one offense under the "impulse test," which "treat[s] as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse.'" *Id*. at 449 (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 224 (1952)). In *United States v. Grimes*, the court reasoned that the twenty-six harassing messages left over a three-week period and charged in six counts could not "be separated into six different courses of conduct or impulses." *United States v. Grimes*, 702 F.3d 460, 469 (8th Cir. 2012). The controlling question, the court explained, is "whether Congress intended to punish … a course of conduct … or whether Congress sought to punish separately individual acts." *United States v. Grimes*, 702 F.3d 460.

Here, the two Travel Act counts are one impulse, not two. Both charge that LeVota "used and caused the use of a facility in interstate commerce, namely, the iMessage service," with intent to promote the same "bribery in violation of RSMo. 576.020." (Indict. ¶ 30; Indict. ¶ 32). Both incorporate the identical common paragraphs, and both charge the use of the iMessage service to promote the same predicate — "bribery in violation of RSMo. 576.020." (Indict. ¶ 29; Indict. ¶ 31; Indict. ¶ 30; Indict. ¶ 32). If twenty-six messages over three weeks are a single course of conduct under *Grimes*, two messages exchanged four days apart in the course of negotiating one agreement are, by reason and logic, a single Travel Act offense. *United States v. Grimes*, 702 F.3d at 469.[1]

Because a multiplicitous count subjects LeVota to the risk of two convictions and two punishments for one offense, one of Counts Three and Four should be dismissed. *United States v. Chipps*, 410 F.3d at 447. A multiplicitous indictment also prejudices the presumption of innocence because it suggests that more than one offense occurred. *See United States v. Gullett*, 713 F.2d 1203 (6th Cir. 1983).

[1] The Government may argue the general rule that each use of an interstate facility is a separately punishable Travel Act offense. *See United States v. Coburn*, 439 F. Supp. 3d 361, 378 (D.N.J. 2020) (stating that "[e]ach may be the subject of a criminal charge, even if all are done to promote or facilitate a single unlawful activity"). But the decisions applying that rule involved discrete, independently completed episodes, not two communications within one negotiation: *Villano* sustained three counts covering three separate consecutive months of a bookmaking operation, *United States v. Villano*, 529 F.2d 1046, 1050 (10th Cir. 1976) and *Gullett* upheld counts that each "sufficiently identifie[d] a separate and distinct offense" tied to different underlying transactions. *United States v. Gullett*, 713 F.2d 1203, 1212 (6th Cir. 1983) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). The Eighth Circuit has not adopted a per-use rule for § 1952, and its own unit-of-prosecution framework allows this Court to hold that the unit here is the single bribery the two messages facilitated. *United States v. Grimes*, 702 F.3d 460.

### B. Counts Three and Four Impermissibly Fragment a Single Continuing Course of Conduct.

Counts Three and Four impermissibly split one continuing course of conduct into two offenses. The dispositive question is "whether Congress intended to punish … a course of conduct … or whether Congress sought to punish separately individual acts," and violations arising from a single "singleness of thought, purpose or action" are treated as one. *United States v. Grimes*, 702 F.3d at 468 (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 224 (1952)). Applying that framework, Grimes construed the statutory term "repeated" to reach the entire three-week course of messaging, so that charging the days separately was multiplicitous. *Id*. at 469. The court read the statute as "encompassing the entire three-week period" rather than as discrete, separately punishable units. *Id*.

The same reading controls here, with greater force because the window is far shorter. The indictment itself frames the bribery as one episode "[b]eginning on or about March 26, 2026, and continuing to on or about March 31, 2026[.]" (Indict. ¶ 28). The two charged iMessages, dated March 26 and March 30, both fall within that span. (Indict. ¶ 30; Indict. ¶ 32). Two messages four days apart within a single negotiation are one continuing offense, not two.

### C. The Rule of Lenity Requires Resolving Any Unit-of-Prosecution Ambiguity Against the Government.

To the extent § 1952 does not fix its unit of prosecution "clearly and without ambiguity," the rule of lenity resolves the doubt for the defense and collapses Counts Three and Four into one. The Supreme Court in *Bell v. United States* held that "when Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity," so that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Bell v. United States*, 349 U.S. 81, 83 (1955). The Eighth Circuit incorporates that principle directly

into its multiplicity analysis. *United States v. Chipps*, 410 F.3d at 448 (quoting *Bell v. United States*, 349 U.S. 81, 83–84 (1955)).

The Eighth Circuit has applied *Bell* to collapse ostensibly separate counts into one. In *United States v. Kinsley*, the court held that a statute defining the offense object as "any firearm" was "ambiguous on the issue of whether a single firearm is the unit of prosecution," and, resolving that ambiguity "in favor of the accused," held that the simultaneous possession of four firearms was a single offense. *United States v. Kinsley*, 518 F.2d 665, 669-70 (8th Cir. 1975). The allowable unit "is set by Congress," and "[w]hen Congress fails to set the unit of prosecution with clarity, doubt as to congressional intent is resolved in favor of lenity for the accused." *Id*. at 666. Grimes did the same in the multi-count messaging context, "resolving any doubt as to Congress's intent in favor of the defendant." *United States v. Grimes*, 702 F.3d at 469.

Section 1952 does not clearly make two communications within a single bribery negotiation two offenses rather than one. As *Bell* recognized in confronting the same kind of question, "argumentative skill … could persuasively and not unreasonably reach either of the conflicting constructions," and the Court resolved that doubt against turning a single transaction into multiple offenses. *Bell v. United States*, 349 U.S. at 83. Because Count Two charges corrupt conduct occurring on or about March 26 to March 31, and then Counts Three and Four divide this single transaction into multiple offenses, the same doubt should be resolved against multiplying the offense here. (Indict. ¶ 28).

## II. In the Alternative, the Court Should Compel the Government to Elect Among the Multiplicitous Counts.

If the Court finds Counts Three and Four multiplicitous but is not inclined to dismiss on the face of the indictment, it should require the Government to elect the count on which it will proceed or otherwise ensure that LeVota is not twice convicted or punished for one offense. *United*

*States v. Platter*, 514 F.3d at 787 (citing *United States v. Richardson*, 439 F.3d 421, 423 (8th Cir. 2006). LeVota raises this challenge now, before trial, as a defendant "must raise a claim of multiplicity in a timely pretrial motion." *United States v. Hollow Horn Bear*, 144 F.4th at 1109. The dangers the remedy addresses are concrete: because "the jury can convict the defendant on both counts," a multiplicitous indictment exposes the defendant to "two punishments for the same crime," *United States v. Chipps*, 410 F.3d at 447 (citing *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004)), and it "can prejudice the jury by suggesting that more than one crime was committed." *United States v. Gullett*, 713 F.2d at 1212 (citing *United States v. Sue*, 586 F.2d 70, 71–72 (8th Cir. 1978)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts Three or Four of the Indictment as multiplicitous. In the alternative, the Court should require the Government to elect a single count among the multiplicitous counts on which it will proceed, or otherwise ensure through a limiting instruction or merger that the defendant is not twice convicted or punished for a single offense.

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By: *\/s/ James R. Hobbs*

James R. Hobbs #29732
Marilyn B. Keller #39179
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tel: (816) 221-0080
Fax: (816) 221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net

***ATTORNEYS FOR DEFENDANT LEVOTA***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of October, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ James R. Hobbs
***Attorney for Defendant***